UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JESSE WAYNE REID, JR.,** | ) | CASE NO. 1:15 CV 2054 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **RAY MABUS,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Jesse Wayne Reid, Jr. filed this Mandamus action against the Secretary of the Navy Ray Mabus, his "Confidential Assistant" Sam Erhart and 19 other Defendants, including federal officials and agencies.  He alleges the Defendants violated duties to him under the "bad men" provision of the Treaty of Fort Laramie because they did not investigate his claims that the Navy Sea Systems Command in Washington, D.C. was sending wireless signals via "synthetic technology" to harass him because he filed lawsuits against the federal government.  He seeks mandamus relief pursuant to 28 U.S.C. § 1361, ordering the Defendants to investigate his claims and cease and desist "all harassing communications with [him]."  He also seeks $10 million in monetary damages for violations of his constitutional rights under the First, Fifth, Eighth and Fourteenth Amendments.

Plaintiff did not pay the filing fee and did not submit an Application to Proceed *In Forma Pauperis*. For the reasons stated below, this action is dismissed.

## I. BACKGROUND

Jesse Reid, Jr claims the Navy Sea Systems Command is sending wireless, harassing communications to him using "synthetic technology" to retaliate against him for filing lawsuits against the federal government. This is the thirteenth identical case filed by Plaintiff Jesse Reid, Jr. Three other cases were filed in the Northern District of Ohio[1], two were filed in the Southern District of Ohio[2] and the remaining cases were filed in the District of Nebraska, the District of Montana, the District of Alaska, the Eastern District of Pennsylvania, the District of Arizona, the District of Oregon and the District of Oklahoma.[3] All of the other Petitions were filed on August 17, 18, or 20, 2015. Reid filed an identical Mandamus Petitions in the Northern District of Ohio at the same time he filed this Petition, bringing the total number of cases to fourteen.[4] Reid contends he is preparing 60,000 of these Petitions for filing, because the CIA is under the

---

[1] *See Reid v. Mabus*, No 4:15 CV 1649 (N.D. Ohio Aug. 21, 2015)(Lioi, J.); *Reid v. Mabus*, No 5:15 CV 1639 (N.D. Ohio Aug. 31, 2015)(Adams, J.); *Reid v. Mabus*, No 1:15 CV 1680 (N.D. Ohio Aug. 21, 2015)(Gwin, J.).

[2] *Reid v. Mabus*, No 2:15 CV 2732 (S.D. Ohio Aug. 24, 2015)(Black, J.); *Reid v. Mabus*, No 1:15 CV 538 (S.D. Ohio Aug. 24, 2015)(Black, J.).

[3] *Reid v. Mabus*, No 4:15 CV 3104 (D. Neb. filed Aug. 18, 2015)(Gerrard, J.); *Reid v. Mabus*, No 1:15 CV 0077 (D. Mont. field Aug. 18, 2015)(Watters, J.); *Reid v. Mabus*, No 3:15 CV 0143 (D. Alaska Aug. 17, 2015)(Burgess, J.); *Reid v. Mabus*, No. 2:15 CV 4707 (E.D. PA. Aug. 20, 2015)(Kearney, J.); *Reid v. Mabus*, No 2:15 CV 1588 (D. Ariz. filed Aug. 17, 2015)(Campbell, J.); *Reid v. Mabus*, No 6:15 CV 1556 (D. Oregon filed Aug. 17, 2015)(Coffin, J.); *Reid v. Mabus*, No 6:15 CV 310 (E.D. Okla. Aug. 27, 2015)(White, J.).

[4] *Reid v. Mabus*, No 5:15 CV 2055 (N.D. Ohio filed Oct. 5, 2015)(Lioi, J.).

impression they can harass him and he is intent on demonstrating "he can do something about it." (ECF No. 1 at 2).

## II. LAW AND ANALYSIS

Plaintiff did not pay the filing fee and he did not request pauper status. Pursuant to 28 U.S.C. § 1915, this Court may authorize the filing of a lawsuit without prepayment of fees by a person who submits an affidavit listing assets and expenses and demonstrating that he or she is unable to pay the fees. 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2nd Cir. 1988). Rather, "the question is whether the court costs can be paid without undue hardship." *Foster*, 21 Fed. Appx. at 240. It is within the Court's discretion to allow or deny pauper status to a litigant. *Id.* In this instance, Plaintiff failed to demonstrate he cannot pay court costs without undue hardship because he did not file an *In Forma Pauperis* Application. The Court has no basis upon which to waive payment of the filing fee.

Furthermore, Congress first enacted an *In Forma Pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *In Forma Pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*,

489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).

Reid's repetitive filings of the same Petition in this Court and District Courts around the country suggest he is not attempting to gain real relief from the Defendants. Instead, it appears he is submitting multiple identical Petitions without paying the filing fees to solely to harass the Defendants and the federal judiciary. This is not an acceptable use of the Court's time and resources. The Court will not allow this action to proceed unless Plaintiff pays the entire filing fee.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. If Reid wishes to proceed with the action, he must pay the full filing fee of $400.00 within thirty days, and must file a Motion to Re–Open Case. The Motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid, and a Motion to Re–Open has been granted.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
Dated: November 18, 2015          UNITED STATES DISTRICT JUDGE